Exhibit B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

**The State of Missouri and the State of Louisiana,**

    *Plaintiffs*,

    v.

**President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et. al.*,**

    *Defendants*.

Civil Action No. 22-cv-1213

### DEFENDANT KARINE JEAN-PIERRE'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Karine Jean-Pierre, in her official capacity as White House Press Secretary, by and through her undersigned counsel, hereby submits the following objections and responses to Plaintiffs' Requests for the Production of Documents ("RFPs"). Defendant has amended these objections and responses in a manner consistent with the Court's September 6, 2022, Order (ECF No. 72).

### Objections to Definitions and Instructions

1.    Defendant objects to the definitions of "Content Modulation," and the related term "Misinformation," including to the extent that Plaintiffs' definition of "Content Modulation" covers actions by Social Media Companies beyond those taken against content containing Misinformation and against users posting content containing Misinformation (such as actions taken as to any post on "efficacy of COVID-19 restrictions" or on "security of voting by mail"). For purposes of these Responses and Objections, Defendant generally defines "Misinformation" in a manner consistent with Plaintiffs' definition of that term: "any form of speech . . . considered to be potentially or actually incorrect, mistaken, false, misleading, lacking proper context, disfavored, having the

1

tendency to deceive or mislead . . . including but not limited to any content or speech considered by any federal official or employee or Social-Media Platform to be 'misinformation,' 'disinformation,' 'malinformation,' 'MDM,' 'misinfo,' 'disinfo,' or 'malinfo.'" *See* RFP, Definition O. A broader definition of "Content Modulation," or "Misinformation," would cover subject-matter that goes beyond the scope of, and would thus not be relevant to, Plaintiffs' claims.

2.     Defendant objects to the definitions of CDC, CISA, DHS, HHS, NIAID, and White House Communications Team to the extent those definitions include "any . . . agent," "contractors" and "any subordinate agency or entity" of those agencies on the ground that those definitions are overbroad and may include persons and entities that are not under the supervision or control of any Defendant. Further, Defendant also objects to the definition of "White House Communications Team" for the additional reason that such a definition is not proportional to the needs of the case to the extent Plaintiffs seek information beyond the possession of the White House Office of the Press Secretary upon which this request is served.

3.     Defendant objects to the definition of "document" to the extent it includes "documents retained on personal devices and/or in personal email accounts or other personal accounts." Documents found on personal devices or within electronic personal accounts would not be in the custody or control of any Defendant.

4.     Defendant objects to the definition of "Social-Media Platform" as overbroad, because it includes "*any* organization that provides a service for public users to disseminate . . . content . . . to other users or the public," along with any "contractors, or any other person . . . acting on behalf of the Social-Media Platform . . . as well [as] subcontractors or entities used to conduct fact-checking or any other activities relating to Content Modulation." The Complaint contains no nonconclusory allegation that Defendant communicated with each and every organization that allows users to "disseminate . . . content" to other users, along with any persons or entities affiliated with those

2

organizations. Defendant will construe "Social-Media Platform" to encompass Facebook, Instagram, Twitter, LinkedIn, and YouTube.

5.      Defendant objects to the definition of "You" and "Your" as overbroad as it includes "any officers, officials, employees, agents, staff members, contractors, or other(s) acting at the direction of Jennifer Rene Psaki, in her official capacity as Press Secretary, or at the direction of her successor." Such a definition is not proportional to the needs of the case to the extent it is interpreted to extend beyond the White House Office of the Press Secretary, especially given the expedited, abbreviated discovery process where Defendant has only a limited amount of time to conduct a document search and produce responsive documents. Defendant has interpreted this request as applying solely to the White House Office of the Press Secretary.

6.      Defendant objects to Instruction 1. Plaintiffs cite to no authority requiring a recipient of discovery requests to "describe the efforts [it has] made to locate . . . document[s]" that are not in its custody and control "and identify who has control of the document and its location."

7.      Defendant objects to Instruction 2 to the extent it exceeds the requirements of F.R.C.P. 26(b)(6).

8.      Defendant objects to Instruction 3. Plaintiffs cite to no authority indicating that, if Defendant objects to a request on burden grounds, Defendant must "stat[e] the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request." Further, it is unclear how Defendant could provide that type of information without conducting certain burdensome document searches and reviews that Defendant sought to avoid through their objections. As required by the Federal Rules of Civil Procedure, Defendant will "state with specificity the grounds for objecting to the request [at issue], including the reasons" for the objection. F.R.C.P. 34(b)(2)(B).

9.      Defendant objects to Instruction 5 to the extent it requires Defendant to produce

electronic documents "with all metadata and delivered in their original format." Plaintiffs may identify the precise categories of metadata they want Defendant's productions to contain, and Defendant can determine whether she can provide those categories of metadata without an undue burden.

10.     Defendant objects to Instruction 6 to the extent that it requires Defendant to produce documents in a format other than the format in which they are "kept in the usual course of business." F.R.C.P. 34 (b)(2)(E). Defendant also objects to Instruction 6 to the extent that it requests the production of all e-mail "forwards" for e-mails produced to Plaintiffs. That request may call for the production of documents that are not found in Defendant's e-mail files.

11.     Defendant objects to Instruction 8, which applies these requests to the Office of the White House Press Secretary from January 1, 2020, to the present, as unduly broad.  Ms. Psaki served as White House Press Secretary from January 20, 2021, until May 13, 2022, when Ms. Jean-Pierre became White House Press Secretary. Defendant interprets these requests as applying to when Ms. Psaki served as White House Press Secretary from January 20, 2021, through May 13, 2022, and when Ms. Jean-Pierre began serving as White House Press Secretary until the date the requests were served, i.e., from May 13, 2022, to July 18, 2022. Anything else would be disproportional to the needs of the case. Such disproportionality is further aggravated by the discovery burden being placed on White House officials. *See Cheney v. U.S. District Court*, 542 U.S. 367, 385 (2004).

## General Objections Applicable to All Requests

1.     The general objections set forth below apply to each and every discovery request discussed below. In asserting Defendant's objections to specific discovery requests, Defendant may assert an objection that is the same as, or substantially similar to, one or more of these objections. Defendant may do so because the language of the discovery request itself may signal particular and specific concerns that the discovery request at issue may be objectionable based on the grounds

stated. The fact that Defendant may specifically reference some of the objections described immediately below in their objections to Plaintiffs' individual requests, but not others from the same list, does not indicate that Defendant has waived any of these objections as to any of Plaintiffs' requests.

2.      Defendant respectfully maintains that discovery is inappropriate in a matter such as this one challenging federal agency action. *See generally Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).

3.      Defendant objects to Plaintiffs' discovery requests to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege or law enforcement privilege; (d) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) information covered by any other applicable privilege or protection.

4.      Defendant objects to these document requests seeking discovery from the White House as unduly burdensome and disproportionate to the needs of the case. *See generally Cheney,* 542 U.S. at 367. Plaintiffs' discovery requests propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See id*. at 385. Further, Plaintiffs' request for information from the White House is unduly burdensome and disproportionate to the needs of the case when Plaintiffs have not first exhausted all available opportunities to seek related information from other sources. *See* Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019) (requiring the plaintiff to exhaust all discovery on other defendants before considering whether there was a "continuing need for discovery sought on the White House"); *Cf. Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019) (vacating "district court's discovery orders because the district court did not fulfill its obligation 'to explore other

avenues, short of forcing the Executive to invoke privilege'") (quoting *Cheney,* 542 U.S. at 390)). Notwithstanding this objection, the Office of the Press Secretary has amended its responses in a manner consistent with the Court's September 6, 2022, Order.

Moreover, to the extent the discovery seeks internal communications involving White House personnel, it is inappropriate because it may have the effect of seeking information protected by the presidential communications privilege, a "presumptive privilege" "fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution" that attaches to presidential communications. *United States v. Nixon*, 418 U.S. 683, 708 (1974). *See In re Sealed Case*, 121 F.3d 729, 743-44 (D.C. Cir. 1997). Although the presidential communications privilege can be overcome by showing a "specific need" in a criminal case, *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1112 (D.C. Cir. 2004), the presumption against disclosure is even higher in a civil case like this one. *Am Historical Ass'n v. Nat'l Archives & Records Admin.*, 402 F. Supp. 2d 171, 181 (D.D.C. 2005). Such discovery violates the separation of powers and creates an undue burden and distraction from those individuals' critical executive responsibilities. *See Cheney*, 542 U.S. at 389.

5.      Defendant objects to each Request to the extent it seeks documents that are not in the custody or control of any Defendant.

6.      Defendant objects to each Request to the extent it seeks all communications and documents from each Defendant relating to the substantive topic identified in the Request. The parties are currently involved in an expedited, abbreviated discovery process where Defendant has only a limited amount of time to conduct a document search and produce responsive documents.

7.      Defendant specifically reserves the right to make further objections as necessary to the extent additional issues arise regarding the meaning of and/or information sought by Plaintiffs' discovery requests.

**Objections and Responses to Specific Requests for the Production of Documents**

**Request 1:** Produce all Documents identified, referred to, or relied on in answering Plaintiffs' Interrogatories to You, including all Communications identified in response to those Interrogatories.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request as vague because it is unclear what it means to "rel[y]" on a document, as compared to "referr[ing]" to a document, in answering an Interrogatory. Defendant also objects to this Request to the extent it requests internal, deliberative documents, materials covered by the attorney client or work product privileges, or other privileged materials, as the Request broadly seeks any and all documents relied on in responding. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended and in accordance with the Court's September 6, 2022 Order, the Office of the Press Secretary refers Plaintiffs to the  transcripts of

press briefings identified in Defendant's answers to the Interrogatories and available at https://www.whitehouse.gov/briefing-room/press-briefings/.

**Request 2:** Produce all Communications with any Social-Media Platform relating to Misinformation and/or Content Modulation.

> **Response:** In addition to the foregoing general objections, Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case. This Request calls for *any and all* communications from Defendant or any employee or subordinate of Defendant, to *any and all* Social-Media Platforms, even if those platforms are not at issue in the Complaint. Defendant cannot conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule. Defendant also understands this request to seek only communications between the Office of the Press Secretary and third parties outside the government. To the extent that this request seeks internal documents or records referring to such communications, Defendant objects to the request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery. Defendant also objects to such a request to the extent it would seek internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

> Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive

responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the Court's September 6, 2022 Order, the Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of Facebook, Twitter, LinkedIn, Instagram, and YouTube (the "Social-Media Platforms") concerning Misinformation located within e-mail files that (i) were collected from custodians within the Office of the Press Secretary who, after the Office of the Press Secretary's internal inquiry, were identified as most likely to possess information responsive to the subject of Plaintiffs' request (the "Custodial Social Media E-mails"),[1] and (ii) contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 3:** Produce all Communications with any Social-Media Platform that contain any of the Search Terms.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request as unduly burdensome, overbroad, and not proportional to the needs of this case. This Request calls for *any and all* specified documents from Defendant or any employee or subordinate of Defendant. Defendant

---

[1] The Office of the Press Secretary collected, from those custodians, e-mail correspondence with Social-Media Platform employees who had e-mail addresses with the domain names of @meta.com, @fb.com, @facebook.com, @twitter.com, @instagram.com, @linkedin.com, @youtube.com, @microsoft.com, and @google.com.

cannot conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule. Furthermore, this Request covers documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request, however, would require the production of any document that contains any of Plaintiffs' Search Terms, regardless of whether that document pertains to content moderation with respect to misinformation on social media platforms. Plaintiffs' Search Terms include many broad terms that could be found in e-mails that have nothing to do with misinformation, such as "election," "antitrust," and "Kennedy." Defendant also understand this Request to seek only communications between the Office of the Press Secretary and third parties outside the government. To the extent that this Request seeks internal documents or records referring to such communications, Defendant objects to the request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery. Defendant also objects to this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on

White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the Court's September 6, 2022 Order, the Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 4:** Produce organizational charts of any Social-Media Platform that identify the persons with whom You communicate relating to Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request to the extent it seeks organizational charts for third party Social-Media Platforms that would not ordinarily be kept by Defendant in the ordinary course of business. Accordingly, this Request would not be proportional to the needs of the case, particularly in light of the Court's order permitting Plaintiffs to seek such information directly from the third parties themselves. Defendant also objects to this Request because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within the scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media

platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. The organizational charts identified in this Request would not identify any "federal officials" who have been "communicating with social-media platforms" about misinformation, nor would it describe the contents of those communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

In accordance with the Court's September 6, 2022 Order, Defendants are not relying on the objections in the foregoing paragraph against responding to discovery served on the White House but maintain all other objections to responding to this request.

**Request 5:** Produce all Documents and Communications relating to any communication or coordination between Social-Media Platform and any "member of our senior staff" and/or "member of our COVID-19 team," who are "in regular touch with … social media platforms," as You stated at

a White House press briefing on or around July 15, 2021.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request as vague because it relies on a characterization of a statement made by an individual no longer in government, and the statement does not specify the individuals at issue or the specific communications referenced. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from Defendant or any employee or subordinate of Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendant also objects to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to content moderation with respect to misinformation. Defendant also objects to this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on

White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the Court's September 6, 2022 Order, the Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 6:** Produce all Communications with any Social-Media Platform involving any member of the White House Communications Team that relate to Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request to the extent it seeks documents that are not in the Defendant's custody or control as White House Press Secretary, namely, Communications with any Social-Media Platform involving members of the White House Communications Team, which Plaintiffs define to include "any person with an email domain of @who.eop.gov." Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any person with an email domain of @who.eop.gov. Even if all of those documents were in Defendant's custody or control, it would be impractical, unduly burdensome, and disproportionate to the needs of the case for Defendant

to conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule. Defendant also understands this Request to seek only communications between the Office of the Press Secretary and third parties outside the government. To the extent that this Request seeks internal documents or records referring to such communications, the Request would be even more disproportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery. Defendant also objects to this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the

Court's September 6, 2022 Order, The Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 7:** Produce all Communications with any Social-Media Platform that relate to the "12 people who are producing 65 percent of the anti-vaccine misinformation on social-media platforms," as You stated at a White House press briefing on or around July 15, 2021.

   **Response:** In addition to the foregoing general objections, Defendant objects to this Request as vague because it relies on a characterization of a statement made by an individual no longer in government, and the statement does not specify the individuals at issue or the specific communications referenced. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from Defendant or any employee or subordinate of Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendant also objects to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to content moderation with respect to misinformation. Defendant also objects to this Request to the extent it seeks internal, deliberative documents discussing such communications,

attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the Court's September 6, 2022 Order, The Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 8:** Produce all Documents and Communications with any Social-Media Platforms that You "engage with … regularly" that relate to "what [Y]our asks are" to such Social-Media Platform(s), as You stated at the White House press briefing on or around July 15, 2021.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request as vague because it relies on a characterization of a statement made by an individual no longer in government, and the statement does not specify the individuals at issue or the specific communications referenced. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from Defendant or any employee or subordinate of Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendant also objects to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to content moderation with respect to misinformation. Defendant also objects to this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive

responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the Court's September 6, 2022 Order, The Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 9:** Produce all Documents and Communications relating to any "government experts" who have "partnered with" Facebook or any Social-Media Platform to address Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendant objects to this Request as vague because it relies on a characterization of statement made by a third-party outside of government, and the statement does not specify the individuals at issue or the specific communications referenced. Defendant further objects to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from Defendant or any employee or subordinate of Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case.

Defendant also objects to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to content moderation with respect to misinformation. Defendant also objects to this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the

Court's September 6, 2022 Order, The Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

**Request 10:** Produce all Documents and Communications relating to Your claim that federal officials "engage[] regularly with all social media platforms about steps that can be taken" to address Misinformation on social media, which engagement "has continued, and … will continue," as You stated at the April 25, 2022 White House press briefing.

  **Response** In addition to the foregoing general objections, Defendant objects to this Request as vague because it relies on a characterization of statement made by a third-party outside of government, and the statement does not specify the individuals at issue or the specific communications referenced. Defendant further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from Defendant or any employee or subordinate of Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendant also objects to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to content moderation with respect to misinformation. Defendant also object to

this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Additionally, challenges to administrative agency action are ordinarily not subject to discovery.

Further, Defendant objects to this Request on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-CV-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d at 1207 (9th Cir. 2019); *Cheney,* 542 U.S. at 390. Additionally, discovery propounded on White House officials would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See Cheney*, 542 U.S. at 385. Finally, Defendant objects to this request to the extent it is directed to internal documents protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such documents, the request imposes a burden on Defendant to locate documents, review them, and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389.

Subject to and without waiving the above objections, as amended in accordance with the Court's September 6, 2022 Order, The Office of the Press Secretary searched for non-privileged e-mail communications between the Office of the Press Secretary and employees of the Social-Media Platforms concerning Misinformation within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendant, however, has not identified any such responsive documents.

Dated: September 27, 2022          Respectfully submitted,

                                   BRIAN M. BOYNTON
                                   Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

*/s/ Kuntal Cholera*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Senior Trial Counsel
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
KUNTAL CHOLERA (D.C. Bar No. 1031523)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
Kyla.Snow@usdoj.gov
Indraneel.Sur@usdoj.gov
Kuntal.Cholera@usdoj.gov

*Attorneys for Defendants*