# Exhibit A



**U.S. Department of Justice**
*Civil Division*
*Federal Programs Branch*

November 15, 2022

<u>**Via EMAIL**</u>
D. John Sauer
(573) 751-8870
John.Sauer@ago.mo.gov

      Re:    Objections to Subpoena to Produce Documents in *State of Missouri v. Biden*, No. 3:22-cv-1213 (W.D. La.).

Dear Mr. Sauer:

    Pursuant to Federal Rule of Civil Procedure 45, I write in response to Plaintiffs' November 1, 2022, subpoena issued to Jennifer Psaki, former Assistant to the President and White House Press Secretary, which commands Ms. Psaki to testify at a deposition in the above-captioned litigation, and to produce certain specified documents. As you are aware, the Government has already moved to quash the subpoena to the extent it commands Ms. Psaki's deposition.[1] In addition, as it relates to your document request, the Government objects to this subpoena to the extent that it directs Ms. Psaki, in advance of her testimony, to produce any U.S. Government "documents, electronically stored information, or objects" of the kind described in the subpoena that Ms. Psaki may possess.

    At the outset, it bears emphasis that the deadline for Plaintiffs to serve interrogatories and requests for production of documents in the underlying action passed on July 18, 2022. *See* ECF No. 34 at 13–14, *Missouri v. Biden*, No. 3:22-cv-1213 (W.D. La.). In response to Plaintiffs' timely-filed requests, the Government searched Ms. Psaki's White House e-mails for external communications and found no responsive materials. Since then, the District Court for the Western District of Louisiana has not authorized additional document discovery in this case. Accordingly, the Government objects to Plaintiffs' requests as untimely and beyond the scope of the deposition discovery authorized by the Court's October 21, 2022, Memorandum Order. ECF No. 90.

    To the extent that the requests for production contained in Ms. Psaki's deposition subpoena seek Ms. Psaki's relevant governmental communications—and the Government has no reason to believe at this juncture that any such documents do exist in Ms. Psaki's possession—those requests are duplicative of the requests that Plaintiffs timely served on Defendants, and for which Defendants found no responsive communications with social media platforms. For example, in their request for production to current White House Press Secretary Karine Jean-Pierre, Plaintiffs sought documents related to statements that Ms. Psaki made at White House press briefings on July 15, 2021, and April 25, 2022. Plaintiffs now make the same requests in their deposition subpoena to Ms. Psaki. This later round of requests is needlessly duplicative.

    With respect to the deposition subpoena's requests for Ms. Psaki's *internal* communications—and, again, the Government has no reason to believe at this juncture that any such documents do exist in Ms. Psaki's possession—the Government objects to the extent that the subpoena requests information protected by governmental privileges or requires the Government to sift through mostly privileged records for responsive, non-privileged documents. As the Government explained in its responses and objections to Plaintiffs' July 18, 2022, request for production, Plaintiffs are not entitled to internal documents protected by the presidential communications privilege or other executive privileges to the extent such documents are

---

[1] *See* ECF No. 7, *Psaki v. Missouri*, 1:22-mc-28 (E.D.Va.). That motion remains pending.

sought. What's more, any responsive documents that are not privileged—if they exist—are almost certainly located among numerous documents containing privileged White House communications. Accordingly, Plaintiffs' requests impose a burden on the Government to review potentially privileged documents and justify their withholdings that is disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged documents.

Sincerely,

/s/ Adam Kirschner

Adam Kirschner