IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JENNIFER R. PSAKI, | ) |
|         Movant, | ) |
| v. | ) Civil Action No. 1:22-mc-00028 PTG/IDD |
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, et al., | ) |
|         Respondents. | ) |

## **ORDER**

FOR REASONS stated from the bench and in accord with specific rulings and instructions thereto, it is hereby

ORDERED that the Motions [Dkt. Nos. 1, 7] are **transferred** to the United States District Court for the Western District of Louisiana. For the reasons stated below, the Western District of Louisiana is more properly situated to rule on the Motions to Quash [Dkt. Nos. 1, 7].

The underlying case, *Missouri v. Biden*, Case No. 3:22-cv-01213 (W.D. La.), concerns a claim that federal officials are colluding with social-media companies to censor free speech in violation of the First Amendment. On July 12, 2022, a district judge in the Western District of Louisiana granted Respondents' motion for expedited discovery. During the expedited discovery period, the Court ruled that Respondents could take the deposition of Ms. Psaki, who previously served as Assistant to the President and White House Press Secretary. Respondents allege that Ms. Psaki's statements during press briefings admit collusion between the Biden administration and various social media platforms. On November 3, 2022, Ms. Psaki and the United States filed two separate motions to quash in the Eastern District of Virginia.

Under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), "the court for the district where compliance is required must quash or modify a subpoena that . . .subjects a person to undue burden."

Courts consider several factors when determining undue burden including: "(1) relevancy of the proposed testimony; (2) need for the testimony; (3) breadth of the subpoena; (4) availability of the testimony by other means; [and] (5) burden on the subpoenaed party in obeying the subpoena." Intelligent *Verification Sys., LLC v. Microsoft Corp.*, No. 2:12CV525, 2014 WL 12544827, at *2 (E.D. Va. Jan. 9, 2014) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 819 (5th Cir. 2004)). When "a subpoena is directed to a nonparty, courts must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Gilmore v. Jones*, 339 F.R.D. 111, 120 (W.D. Va. 2021) (internal quotation marks omitted); *see Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012).

Pursuant to Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Court finds exceptional circumstances in the current matter, and therefore deems transfer of the Motions to Quash to the Western District of Louisiana rather than resolution in this district more appropriate for two reasons: (1) complexity of the underlying litigation and (2) possibility of inconsistent rulings. Beginning with complexity, as discussed above, the Court must consider several fact intensive factors to determine undue burden. Having already reviewed the hundreds of pages of briefing and documentary evidence, the Western District of Louisiana is better situated for this inquiry. Further, the underlying case itself is complex because it involves allegations of collusion between the President of the United States and several high-ranking government officials to violate the First Amendment by coercing several social media outlets to remove protected speech from their sites. The government has produced over 15,000 pages of documents during ordered expedited discovery in the underlying case and has argued that several high-ranking White House officials should not be deposed based upon the Apex Doctrine. The Apex Doctrine allows for the "[d]epositions of high ranking officials" provided "the official has first-hand knowledge related to the claim being litigated" and no "other available avenues of discovery" exist to access the information. *Bogan v. City of Boston*, 489

F.3d 417, 423–24 (1st Cir. 2007). The government has also raised issues of Executive Privilege.

Transfer is also appropriate in this case to avoid the possibility of inconsistent rulings. *See Wultz v. Bank of China, Ltd*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[P]otential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes."). On October 21, 2022, the Louisiana federal court ruled that the Respondents could depose Ms. Psaki. This Court cannot grant either Ms. Psaki's or the United States' motions to quash without being in direct conflict with the ruling of the district judge in the Western District of Louisiana. Any ruling on the motion to quash may also preempt and/or produce conflict with any rulings on issues concerning Executive Privilege and the Apex Doctrine currently pending before the U.S. Court of Appeals for the Fifth Circuit on a writ of mandamus. Because of the complexities of the underlying case, and potential for inconsistent rulings, exceptional circumstances exist to transfer this case to the issuing court.

ENTERED this 22nd day of November 2022.

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

Alexandria, Virginia